```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HELEN ROGERS,

                    Plaintiff,              ORDER
                                            09-CV-3862(JS)(WDW)
          -against-

ROOSEVELT UNION FREE SCHOOL DISTRICT,
ROBERT WAYNE-HARRIS, FAITH VAUGHN-
SHAVLIO, DONALD CRUMMELL, BARBARA
SOLOMON, TERRI McGRATH, YVES MONPOINT,
and JONATHAN FINCH, in their individual
and official capacities, and DONALD
HUMPHREY,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Helen Rogers, pro se
                    1104 Dekalb Avenue
                    Brooklyn, NY 11221

For Defendants:     David Scott Rutherford, Esq.
                    Julie Ann Rivera, Esq.
                    Samantha Velez, Esq.
                    Rutherford & Christie, LLP
                    369 Lexington Avenue, 8th Floor
                    New York, NY 10017
```

SEYBERT, District Judge:

      The Court is in receipt of pro se Plaintiff Helen Rogers' ("Plaintiff") request for "waiver of any and all fees for documents requested by [Plaintiff], by or through the Court and those still being held by the Law Firm of Leeds, Morelli and Brown." (Docket Entry 31.) For the following reasons, Plaintiff's requests are DENIED.

I.  Request for Documents from the Court

Plaintiff asks this Court to waive the fees associated with obtaining copies from the Clerk's Office of documents filed in this action. However, Plaintiff has failed to apply for in forma pauperis status, which would potentially entitle her to such relief, and has failed to indicate which documents she wishes to obtain free-of-charge. Therefore, Plaintiff's request is DENIED without prejudice with leave to re-file.

**If Plaintiff wishes to re-file her motion for a waiver of fees, she must: (1) include a request to proceed in forma pauperis and (2) identify the documents requested by docket number.** Accordingly, the Clerk of the Court is directed to send Plaintiff a copy of the Court's form request to proceed in forma pauperis and a copy of the docket sheet in this action.

The Court notes that attached to Plaintiff's motion is a prior request submitted to the Clerk's Office for a copy of every document filed in this case. (See Docket Entry 34-1, at 4.) This request included, inter alia, executed waivers of service and now-moot requests for extensions of time. Plaintiff will only be granted a fee waiver for documents that are reasonably necessary for the prosecution of her case. Therefore, if Plaintiff re-files her fee-waiver motion, she must either tailor her request or explain why each individual document is needed.

II. Request for Documents from Prior Counsel

Plaintiff also asks this Court to waive fees associated with obtaining documents from her prior counsel, Peter J. Famighetti, Esq. of Leeds, Morelli, & Brown, P.C. Plaintiff's request is denied for two reasons.

First, Mr. Famighetti's request to be relieved as counsel included a request that the Court place a work-product lien on Plaintiff's file. "Under New York law, [such a] lien entitles an attorney to keep, as security against payment of fees, all client papers and property, including money, that come into the attorney's possession in the course of employment, unless the attorney is discharged for good cause." Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991) (citing People v. Keeffe, 50 N.Y.2d 149, 155-56, 428 N.Y.S.2d 446, 449, 405 N.E.2d 1012, 1015 (1980)). Here, the Court granted Mr. Famighetti's request to withdraw as counsel because Plaintiff failed to pay outstanding attorneys' fees and expenses and expressed an inability to pay additional fees going forward. Therefore, Mr. Famighetti is entitled to assert a lien over Plaintiff's file.

Second, Plaintiff indicates in her letter that she paid all outstanding monies due to Mr. Famighetti, so there are no fees for the Court to "waive."

3

Accordingly, Plaintiff's motion for a waiver of all fees associated with obtaining documents from Leeds, Morelli & Brown is DENIED.

However, the Court can order Mr. Famighetti to turn over Plaintiff's documents once the outstanding fees are paid or at least secured. See Resolution Trust Corp., 949 F.2d at 626. Therefore, if Plaintiff has, as she suggests, paid all outstanding legal bills and Mr. Famighetti is still withholding her documents, she may move the Court to compel the production of her file. Such motion must be made by March 16, 2012--three weeks before the close of discovery.

## CONCLUSION

For the foregoing reasons, Plaintiff's requests for fee waivers are DENIED. The Clerk of the Court is directed to send a copy of this Order, the Court's form request to proceed in forma pauperis, and a copy of the docket sheet to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: February 15 , 2012
       Central Islip, NY